UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x

SWISS RE CORPORATE SOLUTIONS
CAPACITY INSURANCE CORPORATION
as successor by merger with NORTH
AMERICAN CAPACITY INSURANCE
COMPANY,

OPINION & ORDER

24-cv-1555 (NG) (AYS)

                               Plaintiff,

                    -against-

D&G PROTECTIVE SERVICES, INC. d/b/a
FIRST CHOICE PROTECTION; SPARKLE
SMITH-SCHICK, AS ADMINISTRATOR
OF THE ESTATE OF DIAMOND SCHICK;
SPARKLE SMITH-SCHICK, AS
PROPOSED ADMINISTRATOR OF THE
ESTATE OF RICHARD CASTANO; AND
HILLARY B. CRANFORD, AS
TEMPORARY ADMINISTRATOR OF THE
ESTATE OF NYASIA KNOX,

                               Defendants.

---------------------------------------------------------- x

GERSHON, United States District Judge:

Plaintiff Swiss Re Corporate Solutions Capacity Insurance Corporation ("Swiss Re")

brought this insurance coverage action against D&G Protective Services, Inc. ("D&G") and the

estates of three decedents (the "Estate Defendants"). It seeks to limit its obligations to continue to

defend and indemnify D&G in connection with wrongful death actions brought by the Estate

Defendants against D&G in state court (the "Underlying Lawsuits"). I previously granted Swiss

Re's motion for default judgment and summary judgment only to the extent of declaring that the

Assault and Battery Endorsement ("A&B Endorsement") in the insurance policy Swiss Re issued

to D&G applies to the Underlying Lawsuits. *Swiss Re Corp. Sols. Capacity Ins. Co. v. D&G*

1

*Protective Servs.*, 2025 WL 4233004, at *10 (E.D.N.Y. Sept. 4, 2025) (the "September Order").[1]

Swiss Re now moves for entry of partial final judgment under Federal Rule of Civil Procedure 54(b).

Even though none of the defendants has opposed the motion, the court must analyze the extent to which the motion implicates the important juridical concerns underlying a Rule 54(b) determination. *Cap. Distrib. Servs. v. Ducor Express Airlines, Inc.*, 462 F. Supp. 2d 354, 358 (E.D.N.Y. 2006); *see also Linde v. Arab Bank, PLC*, 882 F.3d 314, 322 (2d Cir. 2018). Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Partial final judgment under Rule 54(b) requires that "(1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment. . . ." *Linde v. Arab Bank*, 882 F.3d at 322-23 (citation modified).

Swiss Re's motion fails because the order for which it seeks certification reflects neither a separate nor final claim for purposes of Rule 54(b). Swiss Re asks this court to certify the declaration that the A&B Endorsement applies, while leaving open the question of whether the events giving rise to the decedents' deaths constitute a single "occurrence" such that its obligations to D&G would be limited to the per-occurrence maximum. Although I concluded that the events sued on in the Underlying Lawsuits constitute assault and battery, issues of fact remain as to

---

[1] The court assumes familiarity with the factual and procedural background of this case as detailed in the September Order.

whether those events constitute one occurrence or multiple occurrences. September Order, at *9-10.

The Court of Appeals for the Second Circuit has articulated several standards for determining whether claims are separate for the purposes of Rule 54(b). *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 141 (2d Cir. 2014). These include whether the claim is "the aggregate of operative facts which give rise to a right enforceable in the courts;" whether "the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court;" and "whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced." *Id.* (citation modified). Here, there is but a single claim, not separate claims that can be separately enforced. Swiss Re argues that the issues are "segregable." But, although I segregated the issue of the applicability of the A&B Endorsement, that did not turn the issue into a separate claim.

With respect to finality, "each claim or set of claims certified for appeal must still be 'finally decided' within the meaning of [28 U.S.C.] § 1291." *Ginett v. Comput. Task Grp.*, 962 F.2d 1085, 1092 (2d Cir. 1992). A decision is final if it "ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment." *Cap. Distrib. v. Ducor*, 462 F. Supp. 2d at 357 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978)). The existence of triable issues of fact with respect to a given claim precludes finality. *See Pereira v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.)*, 216 B.R. 713, 718 (S.D.N.Y. 1997). Here, there remains an open factual issue as to whether there was one occurrence or there were multiple occurrences. Thus, partial final judgment would not end the litigation of the claim. On the contrary, Swiss Re's maximum obligations under its insurance policy remain undetermined. *See Kurland v. Fireman's Fund Ins. Co.*, 2022 WL 22916128, at *4 (E.D.N.Y. Dec. 14, 2022) ("Because the

3

[partial summary judgment order] did not resolve the amount that Fireman's Fund may be required to pay under the Policy, it is not certifiable as a final judgment pursuant to Rule 54(b)."). *Cf. Linde v. Arab Bank*, 882 F.3d at 323 (Rule 54(b) certification approved for obligations that were fixed subject to future events in separate proceedings).

Turning to the third requirement of Rule 54(b), I cannot conclude that there is no just reason for delay. A "district court's discretion [under Rule 54(b)] should be exercised sparingly, and should not be exercised as an accommodation to counsel." *New York v. Amro Realty Corp.*, 936 F.2d 1420, 1425 (2d Cir. 1991) (citation modified). *See Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369, 378 (2d Cir. 2023). A "court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). These interests include the "historic federal policy against piecemeal appeals." *Id.* The Second Circuit has also cautioned that sound judicial administration requires "avoid[ing] the possibility that the ultimate dispositions of the claims remaining in the district court could [] moot our decision on the appealed claim. . . ." *Ginett v. Comput. Task Grp.*, 962 F.2d at 1095. With respect to Rule 54(b) determinations in insurance cases in particular, "final rulings on third-party claims for contribution or indemnity are generally not suitable for certification because these claims may be rendered moot by a judgment for defendant in the main action. . . ." *New York v. Amro*, 936 F.2d at 1426. Here, Swiss Re seeks to limit both its indemnity and its defense obligations. But even its defense obligations may not be limited by the Rule 54(b) certification it seeks. Regardless of the limits of its policy, only the trial judge in the Underlying Lawsuits may determine when Swiss Re may be permitted to withdraw as counsel for D&G.

Finally, the equities involved may include "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hogan v. Consol. Rail Corp.*, 961 F.2d

4

1021, 1025 (2d Cir. 1992). Swiss Re's primary rationale for Rule 54(b) certification is to be able to withdraw from defending D&G once it reaches the policy's contractual limitation. But as just noted, that will depend on a ruling from the trial judge in the Underlying Lawsuits. Moreover, Swiss Re has offered no basis for concluding that it will not be able to recover from D&G should its costs have exceeded this limit at the time of final judgment. *See Phx. Ins. Co. v. Allied World Nat'l Assur. Co.*, 2024 WL 622329, at *5 (S.D.N.Y. Feb. 14, 2024). Nor has it proffered any of the other equity interests that typically support granting Rule 54(b) certification, such as "where a plaintiff might be prejudiced by a delay in recovering a monetary award," *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 16 (2d Cir. 1997); where a movant has shown that a fixed amount of funds or damages has been long overdue, *Gesualdi v. Advanced Ready Mix Corp.*, 2022 WL 2803256, at *4 (E.D.N.Y. July 18, 2022); or where a defendant is actively concealing assets that will soon become uncollectible, *Cap. Distrib. v. Ducor*, 462 F. Supp. 2d at 359.

In sum, Rule 54(b)'s requirements have not been met.

### I.      Conclusion

For the foregoing reasons, Swiss Re's motion for entry of partial final judgment is DENIED.

**SO ORDERED.**

_____/S/_____
**NINA GERSHON**
**United States District Judge**

March 20, 2026
Brooklyn, New York